Turnbaugh, J.
This case is submitted to the court upon the amended and supplemental petition of plaintiffs and the first defense of the answer of defendant thereto, and an agreed written statement of facts of the parties.
Briefly, the plaintiffs allege that defendant, a building and loan association, organized and operating under the laws of this state, received from plaintiffs and they made deposits with said association, beginning November 13, 1923, and thereafter from time to time up until May 1, 1933, and from time to time made withdrawals in various amounts, leaving balance to the credit of plaintiffs of $3417.24 May 1, 1932; that on July 19, 1932, plaintiffs made *235 application for withdrawal of their monies deposited with defendant under the rules and regulations of the association in existence at the time of said deposits, the evidence of said deposits and terms thereof being a pass book issued by defendant, numbered 434, with the rules of the defendant association set out therein; that among said rules was Rule No. 1, namely;
“This account is accepted as a deposit on which the company agrees to pay interest at 5 per centum per annum compounded semi-annually.”
Rule No. 3:
“Deposits can be withdrawn without notice but should the applications for withdrawal exceed the receipts the applications will be filed and paid in the order in which they are received”;
that defendant association refused to honor said application for withdrawal, and plaintiffs again on September 6, 1932, made further application for withdrawal of their deposits, ■which application defendant association refused.
Plaintiffs further allege that since October 1, 1931, defendant has refused and ever since and now refuses to pay said deposits of plaintiffs, and arbitrarily, without the consent of plaintiffs and over their protest, has violated said contract of deposit in that on January 1, 1933, defendant arbitrarily reduced the rate of interest agreed to be paid, applying to said deposits, from 5 per cent to 4 per cent and again, about April 1, 1933, arbitrarily further reduced said rate of interest to 3 per cent, and thereafter on about July 1, 1933, again arbitrarily reduced rate of interest to 2 per cent, and again on or about September 1, 1933, reduced the rate of interest to 1 per cent, and since then has, and now, refuses to recognize said' deposits as bearing any rate of interest in excess of that as reduced and fixed by defendant as aforesaid, and now refuses to pay interest thereon.
By reason whereof plaintiffs allege said contract between the parties applying to said deposit has been rescinded; that there is due plaintiff from defendant for money had and received $3417.24, with interest from- July 1, 1932, for which amount plaintiffs pray judgment and for equitable relief.
*236 The first defense of defendant’s answer herein admits that it conducted a building and loan association as alleged; denies that it arbitrarily violated its contract under which said money was deposited; denies that it arbitrarily reduced said rate of interest applying to said deposits; and denies that there is due plaintiffs as for money had and received the sum alleged, or any other sum.
It is further alleged in said amended and supplemental petition that defendant, notwithstanding plaintiffs’ applications for withdrawal on July 19, 1932, and September 6, 1932, paid other depositors money deposited by them, upon applications made by them, after the applications made by plaintiffs for withdrawal. This averment is specifically denied by the first defense of the answer of defendant.
This issue, however, is not submitted to the court upon the facts as contained in the agreed statement of facts herein.
Defendant, by way of further and second defense, sets out certain by-laws of defendant, designated as “Article 3, Section 13”, and “Article 7, Section 2”, as being in existence at the time of the contractual relations between the parties thereto.
Article 3, Section 13, reads:
“Applications to surrender certificates of deposit and savings book deposits shall be filed in the order received and paid in the order filed as fast as one-half of the receipts of the company will pay them. The directors may, however, apply the entire income to the payment of certificates of deposit and savings book deposits whenever, in their judgment, the business of the company will not suffer thereby.”
Article 7, Section '2, provides:
“Board of directors after payment of expenses and interest, shall set apart a portion of the earnings to be determined annually or semi-annually by said board of directors, which shall be placed annually or semi-annually in the reserve fund for the payment of contingent losses and a further portion of such earnings to be determined by the said board shall be transferred as a dividend semiannually in such proportion to the credit of all members of said company by the board of directors as the board of directors shall semi-annually determine to be paid to said *237 members on the first day of June and the first day of December of each year. Any residue of said earnings shall be held as undivided profits to be used as other earnings, provided, however, that such undivided profit fund shall at no time exceed 3 per cent of the total assets of the company.”
■ This second defense further avers that deposits made by plaintiffs were at all times subject to said Section 12, Article 3, and Section 2, Article 7, and the laws of Ohio relating to building and loan associations; that when plaintiffs filed application for withdrawal of deposits their said application was given serial number 425, and since then applications of other depositors have greatly exceeded its receipts and have not been sufficient to pay applications filed prior to plaintiffs’ application.
Defendant further alleges that the rate of interest to be paid by it to plaintiffs, or other depositors, was to be governed and controlled by a board of directors as provided in its by-laws, according to the income and profit of the business; that plaintiffs ratified and approved said action of defendant board of directors on July 1, 1932, by accepting and receiving a dividend of $70.58, declared at that time; that on July 1, 1933, defendant passed resolution fixing rate of interest on all deposits then made with it, or thereafter made, at the rate of one per centum per annum because of the earnings of said defendant not being sufficient to pay a higher rate, and defendant avers that by reason thereof the claims of plaintiffs now made are not due and payable, and were not at the time of the bringing of the action, neither as to principal or interest.
The unadmitted averments of this second defense are denied by plaintiffs’ reply.
However, the issues and the only issues presented to this court for determination by agreement of the parties herein are those made by the plaintiffs’ petition and the first defense of defendant’s answer thereto, and are submitted to the court upon a written agreed statement of facts as before stated.
This agreed statement of facts sets out that defendant received dieposits from plaintiffs and issued pass book therefor in which the deposits and withdrawals were set *238 out; that a true statement thereof is set forth in plaintiffs’ amended and supplemental petition, and on May 1, 1933, there stood upon the books of the company to the credit of plaintiffs the sum of §3417.24; that there was inserted in the pass book when the deposits were made said printed rules as set forth in plaintiffs’ petition; that from the beginning of the said deposits defendant paid interest thereon semi-annually on January 1st and July 1st of each year at the rate of 5 per cent until payment due on January 1, 1933, at which time defendant inserted in said pass book—
“Interest at the rate of 4 per cent from July 1, 1932”; that on July 1, 1932, defendant company reduced its rate of interest from 5 per cent to 4 per cent; and on April 3, 1933, from 4 per cent to 3 per cent; and on July 31, 1933, from 3 per cent to 2 per cent; and on August 14, 1933, from 2 per cent to 1 per cent; that on April 26, 1933, defendant published in the Daily Jeffersonian, Cambridge, Ohio, announcement to-its depositors stating the basic rate of interest would be 3 per cent, effective on and after May 1, 1933, and on August 9, 1933, published further announcement that the basic rate of interest would be 2 per cent, effective on and after August 15, 1933; that on July 19, 1932, and again on September 6, 1932, plaintiffs made application to defendant for withdrawal of their deposits, no part of which has been paid save and excepting interest of $70.68 on January 1, 1933; that on December 4, 1931, defendant declared semi-annual dividend of 3 per cent to stockholders payable January 1, 1932, which was paid, and on June 3, 1932, declared semi-annual divided of 3 per cent to stockholders payable July 1, 1932, which was paid; that if plaintiffs testified in the case their testimony would be that at the time interest at the rate of 4 per cent in the sum of $70.68 was inserted in pass book, they then and there would have protested against reduction of interest from 5 per cent to 4 per cent, and that they nor neither of them received' any notice of any reduction of interest from 5 per cent to 4 per cent, excepting published announcement thereof as alleged.
Under these pleadings, therefore, and the agreed state *239 ment of facts, these questions are presented for determination :
1. Was defendant authorized or warranted in making reduction of rates of interest as alleged — and
2. Are plaintiffs entitled to a rescission — and
3. Are plaintiffs entitled to judgment for the amount of their deposit?
' It is admitted that defendant reduced its contract rate of interest from 5 per cent to 4 per cent on July 1, 1932, and then determined and ordered there be paid a semi-annual dividend of 3 per cent to stockholders and a like dividend of 3 per cent for six months previous thereto.
By this action the defendant company took away 1 per cent of its contract rate of interest in order to pay 3 per cent dividend to its stockholders, and at the same time refused to pay plaintiffs any part of their original deposits then due, after demand made therefor. This was unauthorized action especially under Section 9673, General Code, which provides no dividend shall be paid until provision is made for expenses, interest and losses.
Again, the defendant acts further and on April 1, 1933, reduces its rate of interest to 3 per cent; on July 31, 1933, to 2 per cent and on August 14, 1933, to 1 per cent, and not prior thereto, but afterwards, published notice of announcement in the newspaper to such effect. No actual notice was ever given or attempted to be given by defendant, nor any notice whatever prior to reduction of interest, nor any consent obtained of the plaintiffs or depositors thereto.
The only rules or regulations of which the plaintiffs had knowledge or could be bound by were those as set forth in the contract set out in the pass book, and these provided that interest should be paid at the rate of 5 per cent per annum compounded semi-annually.
Again, from the agreed statement of facts it appears that even the interest declared at reduced rates was passed to and as a part of deposits of plaintiffs and inserted in their pass books as deposits.
Certainly there was no rule or regulation nor any provision of law whereby interest without the consent of *240 the depositor may be treated a part of the deposits and thereby become frozen assets of the association, nor any rule, regulation, or law, allowing the reduction of interest or withholding of payment of same from the earnings of the company insofar as the same could or would pay the same.
It would seem, therefore, that the defendant association arbitrarily, without notice, reduced its rates of interest, and not only this, but diverted earnings applicable to interest to the payment of dividends to its stockholders.
As between plaintiffs and defendant there was at all times, and still is, the contractual relationship of debtor and creditor; the association never in any sense could be considered as trustee, and when the deposits were made the rules and regulations of the company then existing and the statute law of the state then applicable thereto controlled, and plaintiffs would not be bound by any further rules and regulations attempted to be put in force by the company without notice thereof or acquiescence of plaintiffs thereto.
When one of the parties violates the contract or refuses to be bound thereby the other party has a right to rescind. There is abundance of authority to this effect not necessary for the court to refer thereto,. The authorities set out in the briefs of the plaintiffs herein amply support this statement; however, for the benefit of counsel, in addition thereto the court refers to case of— Central Trust Company v. Rowe, Admr. 122 O. S. 1; Berg v. Savings & Loan Company, 30 N.P. (N.S.) 1.
The defendant having violated its contract by refusing to be bound thereby, plaintiffs therfore have a right to rescind, and after rescission a right of action against the defendant as though for money had and received, for when rescission is established there is a simple relationship of debtor and creditor.
The only remaining question for determination, then, is whether or not this action is affected or controlled in any way by amended House Bill No. 263, enacted February 27, 1933. This act is one providing for means and methods of liquidating building and loans companies and enlarging *241 powers of state superintendent of building and loan companies as to liquidation, and the recent supplements to Section 687 of said act merely make certain a majority opinion of the Supreme Court relative thereto, as announced in State ex rel Bettman v. Common Pleas Court, 124 O. S. 269.
This is not an action to wind up the affairs of the association. It is merely the action of a creditor against a debtor asking for judgment for the amount due him, and admitted to be due the plaintiffs in this case.
Exceptions will be noted, and the judgment of the court will be merely order of rescission as prayed for; finding and judgment in favor of the plaintiffs for the amount prayed.